

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,665-01

### EX PARTE GREGORY DEMON CUNNINGHAM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 31438-A IN THE 3RD DISTRICT COURT FROM ANDERSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest in 2014 and was sentenced to three years' imprisonment. He contends that his sentence has discharged but that he is still being confined in the Anderson County jail.

According to Applicant, he was released to parole in 2015, and he states that he is now being confined in the county jail pursuant to a parole-violation (a/k/a "blue") warrant that was executed in December 2016. According to the General Counsel's Office for the Department of Criminal Justice, the blue warrant was withdrawn on April 23, 2018, and the three-year sentence discharged

on May 1, 2018. Applicant filed this habeas application complaining of his continued incarceration in the Anderson County jail. The State did not respond to the habeas application, there is no relevant information in the habeas application forwarded to this Court resolving the issue, and there are no findings from the trial court.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Sheriff of Anderson County to provide information regarding the reason for Applicant's continued confinement. To do so, the trial court may order an affidavit, depositions, interrogatories, or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding whether Applicant should be released from the Anderson County jail. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 15 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 30 days of the date of this order.  Any extensions of time must be

requested by the trial court and shall be obtained from this Court.


Filed: August 1, 2018
Do not publish